## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 0419 3:17CR00134-070 |
| | ) | |
| Anthony Bernard Smith | ) | |
| Defendant | ) | |

### AGREED ORDER AND JUDGMENT
### TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Anthony Bernard Smith and for good cause shown therein, and also based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

**1. DRUG/ALCOHOL USE (Date violation concluded: 2/25/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that, on or about 05/06/2021, 07/05/2021, 07/12/2021, 10/25/2021, 01/19/2022 and 02/25/2022, the defendant submitted urine specimens that yielded positive results for marijuana. The defendant has admitted to smoking

1

marijuana on or about 05/05/2021, 06/02/2021, 07/04/2021, 09/14/2021, 01/24/2022 and 02/05/2022. **GRADE C VIOLATION.**

2. **FAILURE TO COMPLY WITH DRUG TESTING/TREATMENT REQUIREMENTS (Date violation concluded: 3/7/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court)," in that, on or about 06/28/2021, 08/09/2021, 09/13/2021, 10/11/2021, 11/08/2021, 11/22/2021, 12/20/2021, 01/10/2022 and 02/15/2022, the defendant failed to report for code-a-phone urine screens. The defendant has admitted to failing to call the screening hotline as instructed. **GRADE C VIOLATION.**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of V.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for Grade C violations and a Criminal History Category of V is a term of imprisonment from seven (7) to 13 months.

2

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of eight (8) months, to be followed by 24 months of supervised release. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

### DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

3

WD/NC (Rev. 5/2020) Agreed Order

The defendant acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original sentencing order.

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Anthony Bernard Smith be and is hereby SENTENCED to a term of imprisonment of eight (8) months on Count One of the judgment.

It is further ORDERED that the defendant be and is hereby ORDERED to serve an additional term of supervised release of 24 months after being released from the sentence of imprisonment ordered herein.

It is further ORDERED that during the additional term of supervised release, the defendant must abide by the following mandatory and discretionary conditions that have been adopted by this Court:

Mandatory Conditions:

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, unless the condition of mandatory drug testing is waived below.

    *Check if waived*: ☐ The condition for mandatory drug testing is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.
4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

Discretionary Conditions:

1. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer.

4

3. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer. However, defendant may refuse to answer a question if the truthful answer would tend to incriminate him/her of a crime. Refusal to answer a question on that ground will not be considered a violation of supervised release.

5. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives). If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit him/her at any time at his/her home or any other reasonable location as determined by the probation office, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.

7. The defendant shall work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational of vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.

8. The defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity, and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.

9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without first getting the permission of the Court.

12. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.

13. The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).

14. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

15. The defendant shall submit to a search if the Probation Officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervised release. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel

5

as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including defendant's person, property, house, residence, vehicle, communications or data storage devices or media or office.

16. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.

17. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.

18. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.

19. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

It is further ORDERED that any restitution order, fine, and special assessment imposed in the original Judgment in a Criminal Case are hereby reimposed and are to be paid in full immediately, or according to an installment payment plan designated by the U.S. Probation Office and approved by the Court.

So ORDERED and ADJUDGED, this the 26th day of May, 2022.

Frank D. Whitney
U.S. District Court Judge

6

**APPROVED**

_Anthony Smith_
Anthony Bernard Smith
Defendant


_[signature]_
Attorney for Defendant

_[signature] Wm T. Bgr_
Assistant United States Attorney


_Jason M. Kemp_
Jason Kemp
Supervisory U.S. Probation Officer

_Bhin Chm II_
Phillip Cheek II
U. S. Probation Officer

7